## SWEET v. CONTINENTAL–LELAND CORPORATION et al.

### No. 5601.

Circuit Court of Appeals, Sixth Circuit.

June 27, 1930.

E. N. Barnard, of Detroit, Mich., for appellant.

J. C. Bills, of Detroit, Mich. (Groesbeck & Kelly, Warren, Hill & Hamblen, and Stevenson, Butzel, Eamon & Long, all of Detroit, Mich., on the brief), for appellees.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

This case presents in its pleadings various charges and counter charges relating to the misuse of the funds and properties of the Continental-Leland Corporation. Suit was filed by appellant in a state court of Michigan alleging that he was president of the Continental-Leland Corporation; that appellees were directors constituting a majority of the board; that, as such directors, they were threatening to settle a claim which the corporation had against the Detroit Hotel Company to their personal advantage and to the detriment of the corporation; and praying for an injunction enjoining them from holding a meeting of the directors of the corporation not called or held in obedience to certain by-laws, from attempting to take any action as a board of directors at such meet-

ing, and from taking any action at any meeting purporting to bind the corporation to the settlement of the claim against the hotel company. Upon removal of the cause to the United States District Court for the Eastern District of Michigan, appellees filed answer, counterclaim, and cross-bill alleging that appellant, while purporting to act as president of the company, had unlawfully caused to be issued certain shares of its capital stock, had concealed the stock book and other books and accounts of the corporation, had misappropriated the moneys and securities of the company, and had otherwise mismanaged its affairs. They prayed for an injunction enjoining appellant from further misappropriating, selling, conveying, or transferring any of the assets or property of the company, for a decree canceling and setting aside the unlawful transfer of its capital stock, for an accounting of moneys and property unlawfully received and held by appellant, and for the appointment of a temporary receiver to take possession of and preserve the records, papers, assets, and property of the corporation.

Upon this cross-bill and the answer thereto the court appointed the Detroit Securities Trust Company temporary receiver of the corporation, with authority to take possession of all its property, to collect outstanding accounts, rents, and incomes of the company, to make payment on account of necessary charges incurred in connection with the receivership, and to take such further action as might from time to time be ordered by the court.

It is complained on this appeal that inasmuch as the cross-bill did not allege that the Continental-Leland Corporation was insolvent and did not seek to have its affairs wound up, the court had no power to appoint a temporary receiver. We give no effect to the cross-bill filed in the name of the corporation, yet it is entirely clear from the other pleadings that there are two sets of directors claiming to be the duly elected and acting directors for the company. One set consists of the plaintiff and directors elected, as he claims, at a meeting which he called after the filing of his suit in the state court; and the other consists of appellees, who claim that they are the legally acting directors and constitute a majority of the board. Each set denies the authority of the other to act, and each charges that the other, if not restrained from so doing, will use the funds of the corporation to their personal advantage and to the disadvantage of the corporation.

The appointment of a receiver was not the main relief sought by the appellees. It was asked in aid of affirmative relief sought against the appellant—an accounting for misuse of property and the further intended misuse of it if he were permitted to retain control and custody of the company's books and assets. Some of appellees' allegations touching these points were partially denied; others were justified under a claim of control through the other board of directors. It cannot be determined from the pleadings which of the parties was entitled to the control and custody of the company's property. The order complained of, as we read it, is for the purpose of preserving the assets of the company until the court can determine the rights of the parties upon a proper presentation of facts. It appears that pending such determination action may be taken by one party or the other which would result in a dissipation of corporate assets. We think it was within the power of the court to appoint a receiver to preserve the assets pending a showing before the court of such facts as will enable it to determine which is the legally constituted board of directors and which is entitled to have the control and custody of the company's property. This, as we have said, is all the order appointing the receiver purports to do, and indeed, unless there is some further showing, it is all that the court is authorized to do. That is was so authorized is well settled under Powers v. Blue Grass Building & Loan Ass'n (C. C.) 86 F. 705, and Collins v. Williamson, 229 F. 59 (6 C. C. A.).

After determining which board was properly elected and functioning, it will be the duty of the court to turn the property of the corporation over to such board.

The order is affirmed.